NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210136-U

NO. 4-21-0136

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 23, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* J.P., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | McLean County |
| Petitioner-Appellee, | ) | No. 18JA63 |
| v. | ) | |
| Larry P., | ) | Honorable |
| | ) | J. Brian Goldrick, |
| Respondent-Appellant). | ) | Judge Presiding. |
| | ) | |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, granting appellate counsel's motion to withdraw and finding the trial court's termination of respondent's parental rights was not against the manifest weight of the evidence.

¶ 2   In September 2020, the State filed a motion for termination of parental rights against respondent father, Larry P., and J.P.'s mother, who is not part of this appeal. The trial court granted the State's petition for termination of respondent's parental rights in February 2021.

¶ 3   On appeal, respondent's counsel filed a "Motion to Withdraw as Counsel on Appeal," pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating he "believes there is no viable issue on appeal." In a supporting brief, appellate counsel argues respondent's claims present no potentially meritorious issues for review.

¶ 4   On May 11, 2021, we notified respondent of appellate counsel's motion and indicated he could file a response thereto by June 1, 2021. On May 19, 2021, we received a

handwritten note from respondent indicating he thought appointed counsel was still his attorney and stating in part, "I do not want to withdraw or leave I would like a date set for after the new year 01/22." The letter contained no substantive arguments in response to appellate counsel's motion. After considering counsel's supporting brief and reviewing the record, we grant appellate counsel's motion to withdraw, proceed to the merits, and affirm the trial court's judgment.

¶ 5                                   I. BACKGROUND

¶ 6        In September 2020, the State filed a petition for termination of parental rights, seeking a finding of unfitness and termination of respondent's parental rights. The State alleged respondent (1) was either suffering from habitual drunkenness or an addiction to drugs, other than those prescribed by a physician, for at least one year immediately prior to the commencement of the unfitness proceeding; (2) was depraved; (3) failed to make reasonable efforts to correct the conditions which were the basis for the removal of the child from the parent; and (4) failed to make reasonable progress toward the return of the child, both within a specified nine-month time period after the adjudication of neglect under the Juvenile Court Act of 1987 (705 ILCS 405/1 *et seq.* (West 2018)). The State's petition asked that termination be found to be in the best interests of the minor and requested the Illinois Department of Children and Family Services (DCFS) retain custody and guardianship over the minor with the authority to consent to adoption.

¶ 7        At the combined status hearing and pretrial conference held in February 2021, respondent, who was in custody at the time, agreed to admit paragraph 8B of the petition, alleging depravity pursuant to section 1(D)(i) of the Adoption Act (750 ILCS 50/1(D)(i) (West 2018)). The State dismissed the remaining counts. The trial court informed respondent of his

rights, admonished him regarding the effects of admitting the allegations, and ascertained from respondent that he fully understood and was doing so voluntarily. The State established a factual basis for the depravity count by providing certified copies of conviction showing four felony convictions, two of which were within five years of the filing of the petition. Respondent stipulated to his convictions. The trial court found respondent unfit on the ground of depravity and set the bests-interests hearing.

¶ 8       At the time of the hearing, respondent was in custody in McLean County jail on felony drug charges. The trial court first noted it received best-interests reports from DCFS and the court-appointed special advocate and reviewed them prior to the hearing. None of the parties objected to the court considering the reports before proceeding with the hearing. The State's lone witness, Mary Rich, was J.P.'s great aunt and foster mother. J.P. had been in her care since April 2019 and was her only foster child. She testified J.P. was very bonded to her and to her extended family and interacted with all of them. She expressed concern if J.P. was prevented from associating with any of them and expressed her opinion that termination was in the child's best interests. She believed termination was in J.P.'s best interests because of the mother's and respondent father's substance abuse issues, lack of stable housing, and poor decision-making. Rich had signed permanency commitment forms and intended to adopt J.P. if permitted.

¶ 9       Respondent was called to the stand and read a letter into the record admitting he has made mistakes, but he asked for another opportunity to be a parent to J.P. He implored the trial court not to terminate his parental rights. Respondent testified about Facebook posts introduced at an earlier permanency review hearing which appeared to include threats by respondent to post a video with explicit content if he did not receive money. According to respondent, someone hacked his account "trying to blackmail" him. He contended the threats of

disclosure were directed at him if he did not pay. Respondent said, as a result, he was disappointed he was not found fit at that hearing. Respondent sought to explain his then-current criminal charges, where he was "found with drugs in my pocket," as a relapse. He has not seen J.P. since he was incarcerated, which was in November 2020. After stating how it considered all of the statutory factors based upon J.P.'s age and developmental needs, including her physical safety, sense of attachment, permanence, and continuity of affection, the trial court found it was in J.P.'s best interests to terminate respondent's parental rights.

¶ 10    This appeal followed.

¶ 11    II. ANALYSIS

¶ 12    On appeal, respondent's attorney filed a motion to withdraw as counsel with a supporting memorandum.

¶ 13    In the matter before us, respondent's attorney suggests any appeal in this cause would be frivolous because he found no appealable issues in this case. Although counsel was able to identify several non-meritorious issues, upon review of the full record, he found none of them sufficient to overturn or challenge the trial court's finding of unfitness based on depravity, leaving only the best-interests issue for the court. Finding nothing in the record from which it could reasonably be argued the trial court's best-interests decision was against the manifest weight of the evidence, counsel asks to withdraw. Our review of the record and the applicable law leads us to conclude counsel is correct. Accordingly, we grant his motion to withdraw.

¶ 14    First, we agree with counsel, to the extent respondent is appealing the trial court's unfitness finding, there is no viable issue. Respondent stipulated to depravity, admitting he was convicted of at least three felonies, one of which was committed within the previous five years. In addition to admitting and stipulating to the petition, the State introduced into evidence

certified copies of those convictions as exhibits. There is a rebuttable presumption a parent is depraved if convicted of at least three felonies, with at least one of which occurring within five years of the filing of the petition for termination. 750 ILCS 50/1(D)(i) (West 2018). Because the presumption is rebuttable, a parent is still able to present evidence showing that, despite his convictions, he is not depraved. *In re Addison R.*, 2013 IL App (2d) 121318, ¶ 24, 989 N.E.2d 224. However, where, as here, respondent stipulated to a finding of depravity and did not seek to rebut the presumption at the fitness stage, there is no viable issue on appeal concerning the trial court's unfitness finding. See 750 ILCS 50/1(D)(i) (West 2018).

¶ 15 Counsel likewise finds no appealable issues in the trial court's best-interests hearing or its ruling, and we agree. Once a trial court finds a parent an "unfit person," it must next consider whether terminating that person's parental rights serves the child's best interests. "[A]t a best-interests hearing, the parent's interest in maintaining the parent-child relationship must yield to the child's interest in a stable, loving home life." *In re D.T.*, 212 Ill. 2d 347, 364, 818 N.E.2d 1214, 1227 (2004); see also *In re Julian K.*, 2012 IL App (1st) 112841, ¶ 80, 966 N.E.2d 1107 (stating once the trial court finds the parent unfit, "all considerations, including the parent's rights, yield to the best interests of the child"). When considering whether termination of parental rights serves a child's best interests, the trial court must consider several factors within "the context of the child's age and developmental needs." 705 ILCS 405/1-3(4.05) (West 2018). These factors include:

> "(1) the child's physical safety and welfare; (2) the development of
> the child's identity; (3) the child's familial, cultural[,] and religious
> background and ties; (4) the child's sense of attachments, including
> love, security, familiarity, continuity of affection, and the least

disruptive placement alternative; (5) the child's wishes and long-term goals; (6) the child's community ties; (7) the child's need for permanence, including the need for stability and continuity of relationships with parent figures and siblings; (8) the uniqueness of every family and child; (9) the risks related to substitute care; and (10) the preferences of the person available to care for the child." *In re Daphnie E.*, 368 Ill. App. 3d 1052, 1072, 859 N.E.2d 123, 141 (2006).

See also 705 ILCS 405/1-3(4.05) (West 2018).

¶ 16 A trial court's finding that termination of parental rights is in a child's best interests will not be reversed on appeal unless it is against the manifest weight of the evidence. *In re Dal. D.*, 2017 IL App (4th) 160893, ¶ 53, 74 N.E.3d 1185. The court's decision will be found to be "against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the decision is unreasonable, arbitrary, or not based on the evidence." *In re Keyon R.*, 2017 IL App (2d) 160657, ¶ 16, 73 N.E.3d 616.

¶ 17 At the outset of the best-interests hearing, the trial court noted the change in focus mentioned above. Further, the court correctly pointed out how, at the outset of the case, the focus was on the parents and their participation and completion of services in an effort to facilitate reunification. It is evident from this record the court fully recognized and understood the nature of the proceedings before and after a finding of parental unfitness. The trial court took great pains to outline respondent's progression throughout the life of the case. The trial court recognized that respondent made progress upon his release from jail and began completing required services and making progress toward reunification. Over time, however, respondent

began using drugs again, was charged with additional felonies, and failed to complete the remainder of his services. The trial court considered all the statutory factors and indicated so for the record. Since respondent was, at that time, serving a prison sentence, reunification was not possible in the near future. J.P. was two years and eight months old at the time of the hearing, had been in foster care for over 30 of those 32 months, and was in need of permanency. Additionally, the current foster parent can provide J.P. with safety, food, shelter, and clothing. The court acknowledged respondent's love for J.P. while noting as well that J.P. is bonded to the foster parent, integrated into the household, and is provided with love and affection. The court found continued placement with the foster mother to be the least disruptive since there were a number of "unknowns" surrounding respondent's current situation, including continued incarceration, pending felony charges, and recent drug use. The court found J.P.'s age, her need for permanence, the age of the case, and the fact that issues responsible for the minor being placed in care were still present all favored termination as being in J.P.'s best interests.

¶ 18       Based on this evidence, the trial court agreed it was in the minor's best interests to terminate respondent's parental rights. Accordingly, we cannot find the trial court's decision terminating respondent's parental rights to be "unreasonable, arbitrary, or not based on the evidence." *Keyon R.*, 2017 IL App (2d) 160657, ¶ 16. For this reason, we agree with appellate counsel that an appeal in this cause would be frivolous and present no meritorious issues.

¶ 19                         III. CONCLUSION

¶ 20       For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 21       Affirmed.